UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

YUNISEL SEGURA
and other similarly-situated individuals,

    Plaintiff(s),

v.

SL FARMS LLC
a/k/a SL FARMS 2
and TONY H. SILVA, individually,

    Defendants,

_____/

# COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff YUNISEL SEGURA, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants SL FARMS LLC, a/k/a/ SL FARMS 2, and TONY H. SILVA, individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid regular and overtime wages and retaliation under the laws of the United States. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff YUNISEL SEGURA (hereinafter YUNISEL SEGURA, or Plaintiff) is a resident of Dade County, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the Act.

3. Defendant SL FARMS LLC, a/k/a/ SL FARMS 2 (hereinafter SL FARMS, or corporate Defendant) is a Florida corporation, having a place of business in Dade County, Florida, where Plaintiff worked for Defendant. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant TONY H. SILVA was and is now owner/president and manager of SL FARMS. Defendant TONY H. SILVA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for the Plaintiff's damages.

5. All the actions raised in this Complaint took place in Dade County, Florida, within the jurisdiction of this Court.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff YUNISEL SEGURA to recover from Defendants unpaid regular wages, overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

7. Corporate Defendant SL FARMS is a commercial Aviary raising exotic birds for resale. SL FARMS is located at 23345 SW 217 Avenue, Homestead 33031, where Plaintiff worked.

8. Defendants SL FARMS and TONY H. SILVA employed Plaintiff YUNISEL SEGURA as a non-exempted, full-time, hourly employee from May 01, 2021, to December 31, 2021, or 35 weeks.

9. Plaintiff had duties as a caretaker for the birds, feeding, grooming, cleaning cages, and the entire facility.

10. At the time of her hiring, Defendants offered Plaintiff as compensation for her work 20% of commissions over the selling of the birds, plus sub-standards living quarters in the structure used to store animal food, supplies, and equipment.

11. During her employment with Defendants, Plaintiff had a mandatory regular schedule of 7 days per week. Plaintiff worked from Monday to Sunday from 8:30 AM to 4:0 PM (8 hours daily). Plaintiff worked a minimum of 56 hours every week. Plaintiff did not take bonafide lunch periods.

12. Thus, Plaintiff worked regularly and consistently a total of 56 hours every week. Plaintiff worked more than 40 hours weekly. However, while working for Defendants, Plaintiff did not receive compensation for all her hours worked. Plaintiff was not paid commissions or wages at any rate, not even at the minimum wage required by law.

13. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

14. Therefore, Defendants willfully failed to pay Plaintiff regular wages and overtime hours at the rate of time and a half her regular rate, for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

15. Plaintiff complained multiple times about the lack of compensation for her working hours to the owner of the business TONY H. SILVA, but Defendants never fixed the problem.

16. On or about November 30, 2021, Plaintiff complained and requested payment for her hours worked for the last time. Defendant TONY H. SILVA answered that she would be paid soon.

17. On or about December 20, 2021, Plaintiff, who at the time was pregnant, informed TONY H. SILVA that she was scheduled for a C-section on January 11, 2022. Plaintiff requested TONY H. SILVA a maternity leave of 30 days, and then she would return to work. Plaintiff also proposed to make arrangements to cover her absence.

18. However, on or about December 26, 2021, TONY H. SILVA fired Plaintiff, she requested her to leave the premises, but he did not pay Plaintiff her hours worked.

19. Plaintiff continued working until December 31, 2021, because she could not find a place to live. Plaintiff could not afford to rent anything without receiving her hard-earned wages.

20. On or about December 26, 2021, Plaintiff YUNISEL SEGURA was fired in retaliation for her complaints about unpaid wages and because of discriminatory reasons. Plaintiff is in the process of filing her charge of discrimination with the US Equal Employment Opportunity Commission (EEOC).

21. Plaintiff YUNISEL SEGURA intends to recover payment for all her regular working hours, overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiff in this action are employees and/or former employees of Defendants who are and who were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

**COUNT I:**
**WAGE AND HOUR FEDERAL STATUTORY VIOLATION;**

**FAILURE TO PAY OVERTIME, AGAINST ALL DEFENDANTS**

23. Plaintiff YUNISEL SEGURA re-adopts every factual allegation stated in paragraphs 1-22 above as if set out in full herein.

24. This cause of action is brought by Plaintiff YUNISEL SEGURA as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked in excess of forty (40) hours during one or more weeks on or after May 2021, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendant SL FARMS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a commercial aviary for exotic birds for sale and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

26. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff's work was directed to maintain facilities raising exotic birds for sale.

Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

27. Defendants SL FARMS and TONY H. SILVA employed Plaintiff YUNISEL SEGURA as a non-exempted, full-time, hourly employee from May 01, 2021, to December 31, 2021, or 35 weeks.

28. Plaintiff had duties as a caretaker for the birds, feeding, grooming, cleaning cages, and the entire facility.

29. At the time of her hiring, Defendants offered Plaintiff as compensation for her work 20% of commissions over the selling of the birds, plus sub-standards living quarters in the structure used to store animal food, supplies, and equipment.

30. During her employment with Defendants, Plaintiff had a mandatory regular schedule of 7 days per week, a total of 56 hours. Plaintiff worked a minimum of 56 hours every week. Plaintiff did not take bonafide lunch periods.

31. Thus, Plaintiff worked regularly and consistently a total of 56 hours every week. Plaintiff worked more than 40 hours weekly. However, while working for Defendants, Plaintiff did not receive compensation for all her hours worked, and she was not paid for overtime hours required by law.

32. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business TONY H. SILVA.

33. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

34. Plaintiff complained multiple times about the lack of compensation for her working hours to the owner of the business TONY H. SILVA, but Defendants never fixed the problem.

35. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees.

36. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

37. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

38. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

*Please note that this amount is based on a preliminary calculation. After proper discovery, Plaintiff will adjust her calculations.
*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

   a. Total amount of alleged unpaid O/T wages:

   Seven Thousand Two Hundred Sixty-Eight Dollars and 80/100 ($7,268.80)

   b. Calculation of such wages:
   Total weeks of employment: 35 weeks
   Total relevant weeks of employment: 35 weeks
   Total hours worked: 56 hours weekly
   Total O/T hours: 16 O/T hours

       Regular rate: $8.65 an hour x 1.5= $12.98
       Overtime rate: $12.98

       O/T rate $12.98 x 16 O/T hours=$207.68 weekly x 35 weeks=$7,268.80

   c. <u>Nature of wages (e.g., overtime or straight time):</u>

       This amount represents unpaid overtime wages at the Florida Minimum wage rate

39. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act. Still, no provision was made by the Defendants to properly pay her at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

40. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employee's employment with Defendants as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

41. At times mentioned, individual Defendant TONY H. SILVA was and is now the owner/partner and manager of SL FARMS. Defendant TONY H. SILVA was the Employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. This individual Defendant acted directly in SL FARMS' interests concerning its employees, including Plaintiff and others similarly situated. Defendant TONY H. SILVA had financial and operational control of the business, provided Plaintiff with her work schedule, and he is jointly and severally liable for Plaintiff's damages.

42. Defendants SL FARMS and TONY H. SILVA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

43. Plaintiff YUNISEL SEGURA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YUNISEL SEGURA and those similarly-situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff YUNISEL SEGURA and other similarly-situated individuals and against the Defendants SL FARMS and TONY H. SILVA, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff YUNISEL SEGURA actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YUNISEL SEGURA demands trial by jury of all issues triable as of right by jury.

## COUNT II:
## F.L.S.A. WAGE AND HOUR FEDERAL STATUTORY VIOLATION: FAILURE TO PAY MINIMUM WAGE; AGAINST ALL DEFENDANTS

44. Plaintiff YUNISEL SEGURA re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

45. Defendant SL FARMS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a commercial aviary for exotic birds for sale and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or the production of goods for commerce, by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

46. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff's work was directed to maintain facilities raising exotic birds for sale. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

47. This action is brought by Plaintiff YUNISEL SEGURA and those similarly-situated to recover from the Employers SL FARMS and TONY H. SILVA unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees

under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. §206.

48. U.S.C. §206 states, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, wages at the following rates:

(1) except as otherwise provided in this section, not less than—

(A) $5.85 an hour, beginning on the 60th day after May 25, 2008;

(B) $6.55 an hour, beginning 12 months after that 60th day; and

(C) $7.25 an hour, beginning 24 months after that 60th day

49. Defendants SL FARMS and TONY H. SILVA employed Plaintiff YUNISEL SEGURA from May 01, 2021, to December 31, 2021, or 35 weeks.

50. Plaintiff had duties as a caretaker for the birds, feeding, grooming, cleaning cages, and the entire facility.

51. At the time of her hiring, Defendants offered Plaintiff as compensation for her work 20% of commissions over the selling of the birds, plus sub-standards living quarters in the structure used to store animal food, supplies, and equipment.

52. During her time of employment with Defendants, Plaintiff had a mandatory regular schedule of 7 days per week, a minimum of 56 hours every week. Plaintiff did not take bonafide lunch periods.

53. Thus, Plaintiff worked regularly and consistently a total of 56 hours every week. Plaintiff worked more than 40 hours weekly. However, while working for Defendants, Plaintiff did

not receive compensation for all her hours worked. Plaintiff was not paid commissions or wages at any rate, not even at the minimum wage required by law.

54. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

55. Therefore, Defendants willfully failed to pay Plaintiff minimum wages, in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)).

56. The records, if any, concerning the number of hours worked by Plaintiff and all other similarly situated employees and the compensation paid to such employees should be in the possession and custody of Defendants. However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

57. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

58. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

59. Prior to the completion of discovery, and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, the Plaintiff's good faith estimate of the unpaid minimum wage is as follows:

*Florida's minimum wage is higher than the federal minimum wage. As per FLSA regulations, the higher minimum wage applies.

  a. <u>Total amount of alleged unpaid wages</u>:

  Twelve Thousand One Hundred Ten Dollars and 00/100 ($12,110.00)

  b. <u>Calculation of such wages</u>:

  Total weeks of employment:  35 weeks

      Total relevant weeks of employment: 35 weeks
      Total hours worked: 40 hours weekly
      Total number of unpaid hours:  40 regular hours
      Fl. Minimum wages: $8.65 an hour

      Min. Wage $8.65 x 40 hours=$346.00 weekly x 35 weeks=$12,110.00

    c.  <u>Nature of wages:</u>

      This amount represents unpaid minimum wages at Florida's minimum wage rate.

60. Defendants SL FARMS and TONY H. SILVA knew and/or showed a reckless disregard of the provisions of the Act concerning the payment of minimum wages as required by the Fair Labor Standards Act.

61. At the times mentioned, individual Defendant TONY H. SILVA was the owner and manager of SL FARMS. Defendant TONY H. SILVA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SL FARMS in relation to its employees, including Plaintiff and others similarly situated. Defendant TONY H. SILVA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

62. Defendants SL FARMS and TONY H. SILVA willfully and intentionally refused to pay Plaintiff minimum wages as required by the law of the United States and remain owing Plaintiff these minimum wages, and Plaintiff is entitled to recover double damages.

63. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YUNISEL SEGURA and those similarly situated respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff YUNISEL SEGURA and against the Defendants SL FARMS and TONY H. SILVA based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff YUNISEL SEGURA and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

## COUNT III:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

64. Plaintiff YUNISEL SEGURA re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

65. Defendant SL FARMS was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant is a commercial aviary for exotic birds for sale and, through its business activity, affects interstate commerce. Defendant had more than two employees recurrently engaged in commerce or in the

production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce. Defendant uses the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always more than $500,000 per annum. Therefore, there is FLSA enterprise coverage.

66. Plaintiff and those similarly-situated were employed by an enterprise engaged in interstate commerce. Plaintiff's work was directed to maintain facilities raising exotic birds for sale. Additionally, Plaintiff regularly handled and worked on goods and materials that were moved across State lines at any time in the course of business. Therefore, there is FLSA individual coverage.

67. 29 U.S.C. § 206 (a) (1) states "….an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce...." [29 U.S.C. § 206 (a) (1)].

68. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

69. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

70. Defendants SL FARMS and TONY H. SILVA employed Plaintiff YUNISEL SEGURA as a non-exempted, full-time employee from May 01, 2021, to December 31, 2021, or 35 weeks.

71. Plaintiff had duties as a caretaker for the birds, feeding, grooming, cleaning cages, and the entire facility.

72. At the time of her hiring, Defendants offered Plaintiff as compensation for her work 20% of commissions over the selling of the birds, plus sub-standards living quarters in the structure used to store animal food, supplies, and equipment.

73. During her time of employment with Defendants, Plaintiff had a mandatory regular schedule of 7 days with a minimum of 56 working hours per week. Plaintiff did not take bonafide lunch periods.

74. Thus, Plaintiff worked regularly and consistently a total of 56 hours every week. Plaintiff worked more than 40 hours weekly. However, while working for Defendants, Plaintiff did not receive compensation for all her hours worked. Plaintiff was not paid commissions or wages at any rate, not even at the minimum wage rate, and she did not receive compensation for overtime hours, required by law.

75. Plaintiff did not clock in and out, but Defendants could track the number of hours worked by Plaintiff and other similarly situated individuals.

76. Therefore, Defendants willfully failed to pay Plaintiff regular wages in violation of the Fair Labor Standards Act of 1938 (29 U.S.C. §206 (a)). Defendants also failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate, for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

77. Plaintiff complained multiple times about the lack of compensation for her working hours to the owner of the business TONY H. SILVA, but Defendants never fixed the problem.

78. On or about November 30, 2021, Plaintiff complained and requested payment for her working hours for the last time. Defendant TONY H. SILVA answered that she would be paid soon.

79. These complaints constituted protected activity under the Fair Labor Standards Act.

80. However, on or about December 26, 2021, TONY H. SILVA fired Plaintiff and requested her to leave the premises, but he did not pay Plaintiff her wages.

81. Plaintiff continued working until December 31, 2021, because she could not find a place to live. Plaintiff could not afford to rent anything without receiving her hard-earned wages.

82. At all times during her employment, Plaintiff performed her work satisfactorily. There was no reason other than unlawful employment practices to discharge Plaintiff.

83. There is close proximity between Plaintiff's protected activity and her constructive discharge.

84. At times mentioned, individual Defendant TONY H. SILVA was the owner and manager of SL FARMS. Defendant TONY H. SILVA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of SL FARMS in relation to its employees, including Plaintiff and others similarly situated. Defendant TONY H. SILVA had absolute financial and operational control of the Corporation, determining terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for Plaintiff's damages.

85. The motivating factor which caused Plaintiff's discharge as described above was her complaint seeking unpaid regular and overtime wages from Defendants. In other words, Plaintiff would not have been discharged but for her complaints about unpaid wages.

86. Defendants' discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3) and, as a direct result, Plaintiff has been damaged.

87. Plaintiff YUNISEL SEGURA intends to recover payment for all her regular hours, all her overtime hours, liquidated damages, retaliatory damages, and any other relief as allowable by law.

88. Plaintiff YUNISEL SEGURA has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff YUNISEL SEGURA respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants SL FARMS and TONY H. SILVA, that Plaintiff YUNISEL SEGURA recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

E. Plaintiff YUNISEL SEGURA further prays for such additional relief as the interests of justice may require.

## JURY DEMAND

Plaintiff YUNISEL SEGURA demands trial by jury of all issues triable as of right by jury.

Dated: March 7, 2022                                                                                         ,

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile: (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*